# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **C. C. A. NO. 02C01-9812-CC-00382** |
| vs. | ) | **MADISON COUNTY** |
| **JAMES J. COLE,** | ) | **No. 98-504** |
| Appellant. | ) | |

**FILED**

**July 7, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

### O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of his probation. On June 10, 1998, the appellant pled guilty to theft of property over $1,000 and felony evading arrest and received an effective four year sentence. The judgments reflect that the appellant was placed directly on probation and ordered to pay restitution and court costs. In July 1998, the appellant pled guilty to simple possession of marijuana, possession of drug paraphernalia, driving on a suspended license, and violation of the vehicle registration law. In August 1998, he was arrested for theft of property over $500 and attempted robbery. Those charges were pending at the time of the revocation hearing. On November 23, 1998, the appellant's probation was revoked.

After a hearing, the trial court found that the appellant violated the terms and conditions of his probation by "having new convictions and not paying restitution or court costs." The judge also stated during the hearing that the appellant had failed to report the new convictions and charges. The judge, however, citing the appellant's young age, only ordered him to serve eleven months and twenty-nine days of the full sentence.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has

violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

On appeal, the appellant concedes that he violated the terms and conditions of his probation. However, he contends he was unaware he was on supervised probation because the trial court did not file the probation order outlining the terms and conditions of his probation until October 8, 1998. Accordingly, he argues "[t]his is not a case of a non-cooperating probationer willfully ignoring his responsibilities under the grant of his probation." Despite the probation order not being filed until after he was arrested on the subsequent charges, the judgments in this case clearly reflect that the appellant was placed directly on probation and ordered to pay restitution and costs. Furthermore, the appellant testified during the hearing that he knew he was not supposed to break the law while on probation. During arguments at the hearing, appellant's counsel agreed that the appellant should not be allowed to disregard the law completely, but argued that "something less than serving his four year sentence would be in order." The trial judge apparently agreed.

Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action. The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE